UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM CARTER, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:06CV1624 JCH |
| JACQUELINE NIXON, | ) | |
| Defendant(s). | ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed March 26, 2007. (Doc. No. 14). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter on November 8, 2006. (Doc. No. 1). In his Complaint, Plaintiff sues Defendant in her "personal individual capacity," and alleges in relevant part as follows:

> On 10/14/2006, time at or around 8:10 pm, the prison guard (as known as SA1) Jackie Nixon kicked me in my lower right leg. I was physically injured because of this warrentless (sic) attack. I filed an abuse/neglect form with the C.O.O. Alan Blake however I got no response. This warrentless (sic) attack is a violation of my civil rights.

(Compl., PP. 1-2). Based on the above allegations, Plaintiff seeks both monetary damages and injunctive relief. (Id., P. 2).

As stated above, Defendant filed the instant Motion to Dismiss on March 26, 2007. (Doc. No. 14). In her motion, Defendant maintains Plaintiff's Complaint must be dismissed for failure to state a claim, both because Plaintiff fails to allege facts constituting an unreasonable use of force, and because Defendant is entitled to qualified immunity. (Defendant's Memorandum in Support of her Motion to Dismiss, PP. 2-5).

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332 (8th Cir. 1982) (internal quotations and citations omitted).

Upon consideration, the Court will deny Defendant's Motion to Dismiss. Specifically, the Court finds it premature to dismiss Plaintiff's Complaint at this juncture, especially in light of his *pro se* status, as it does not appear beyond a reasonable doubt he can establish no facts entitling him to relief.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. 14) is **DENIED**.

Dated this 18th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Upon consideration, the Court finds Defendant's arguments to be more properly raised by way of a motion for summary judgment, so that after discovery each party is provided the opportunity properly to address and brief the issues raised using the appropriate summary judgment standard.